Filed 3/25/21  P. v. Figueroa CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELENA MARIE FIGUEROA,<br><br>    Defendant and Appellant. | 2d Crim. No. B306288<br>(Super. Ct. Nos. 18CR05127,<br>19CR07458)<br>(Santa Barbara County) |

Elena Marie Figueroa appeals from the judgment after the trial court revoked probation and sentenced her to four years in county jail.  She contends:  (1) there was insufficient evidence that she violated the terms of probation, (2) she did not have adequate notice of the grounds for revocation, (3) the denial of her motion to continue sentencing violated her right to counsel, and (4) she was denied the right to be present at sentencing.  We agree with Figueroa's first contention, and therefore do not consider her remaining contentions.  We reverse.

FACTUAL AND PROCEDURAL HISTORY

In 2018, Figueroa pled guilty to possession of heroin in county jail (Pen. Code,[1] § 4573.6, subd. (a)). The trial court suspended imposition of sentence and ordered her to serve three years of formal probation, including 120 days in jail. The following year, Figueroa pled guilty to second degree burglary (§§ 459, 460, subd. (b)), and admitted that she had violated the terms of probation in her 2018 case. The court suspended imposition of sentence and ordered her to serve three years of formal probation for her burglary conviction. For her probation violation, it ordered her to serve 180 days in jail. It then reinstated probation in that case.

In 2020, prosecutors charged Figueroa with attempted residential burglary (§§ 664/459, 460, subd. (a)). They also alleged that she had violated the terms of probation imposed in her two previous cases by committing that crime. Figueroa pled not guilty to the attempted burglary charge and denied the probation violation allegation.

The trial court held a combined preliminary hearing on the attempted burglary charge and hearing on the probation violation allegation. Officer Antonio Montojo was the sole witness. Prosecutors elicited much of his testimony to support the attempted burglary charge through the admission of hearsay. (See § 872, subd. (b); *Whitman v. Superior Court* (1991) 54 Cal.3d 1063, 1070-1071.) Figueroa objected to his testimony to the extent it was proffered on her alleged probation violations. The trial court agreed, and excluded the testimony for purposes of that hearing. (*People v. Quarterman* (2012) 202 Cal.App.4th 1280, 1296.)

---

[1] Statutory references are to the Penal Code.

2

For purposes of the probation violation hearing, Officer Montojo testified that he was dispatched to an RV park. He obtained video which showed Figueroa standing near the rear of an RV holding a sweater in one hand and "what appeared to be a pocketknife and/or pick in the other." Officer Montojo inspected the roof of the reporting party's RV and saw that "some plastic pieces . . . had been tampered with" on an air vent. There were also "pry markings" on the keyhole in the RV's door.

Based on this testimony, the trial court found Figueroa in violation of the terms of her probation.

## DISCUSSION

Figueroa contends the judgment should be reversed because there was insufficient evidence that she violated the terms of her probation by attempting to commit residential burglary. We agree.

A trial court may revoke probation if it "has reason to believe . . . that the [probationer] has violated any of the conditions of their supervision, has become abandoned to improper associates or a vicious life, or has subsequently committed other offenses." (§ 1203.2, subd. (a).) "'The facts supporting revocation . . . may be proven by a preponderance of the evidence.' [Citation.]" (*People v. Galvan* (2007) 155 Cal.App.4th 978, 982 (*Galvan*), alterations omitted.)

We review an order revoking probation for substantial evidence. (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.) "Under that standard, our review is limited to the determination of whether, upon review of the entire record, there is . . . evidence of solid value, contradicted or uncontradicted, [that] will support the trial court's decision." (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848.) "[W]e give great deference to

3

the trial court[,] and resolve all inferences and intendments in favor of the judgment." (*Id.* at pp. 848-849.) "[A]ll conflicting evidence will be resolved in favor of the decision" to revoke probation. (*Id.* at p. 849.) Only """in a very extreme case""" will we interfere with that decision. (*Urke*, at p. 773.)

Here, Officer Montojo testified that he observed that an RV's air vent had been "tampered with" and that its keyhole had some "pry markings" around it. But prosecutors presented no evidence as to when the RV had sustained this damage; it could have been months or years earlier. Prosecutors also presented no evidence that the damage was of a type that could have been inflicted by a pocketknife or pick. And prosecutors presented no evidence as to when—or even where—the video footage showing Figueroa holding a similar-looking instrument had been taken. In short, the admissible evidence showed only that an RV had been damaged at some unknown date and that Figueroa was filmed on an unknown date at an unknown place holding a sharp object while standing behind an RV. Even under the lower preponderance-of-the-evidence standard, this is an insufficient basis on which to revoke probation. (See, e.g., *Galvan*, *supra*, 155 Cal.App.4th at pp. 982-983 [reversing probation revocation decision due to lack of evidence as to when defendant reentered the country]; see also *People v. Balkin* (2006) 145 Cal.App.4th 487, 492-493 [defendant erroneously convicted of failing to register as sex offender within five days because no evidence showed when he moved into the city].)

Our dissenting colleague takes us to task because "everyone . . . knows" that Figueroa is guilty. But courts, like juries, are supposed to limit themselves to the evidence. Here, our colleague relies too heavily on "facts" not admitted into

4

evidence on the probation violation, or on outright speculation. As noted above, the court conducted a combined preliminary hearing and probation violation hearing. Some evidence was admitted for the preliminary hearing only; so was excluded from consideration in the probation violation hearing. For purposes of the probation violation, there was *no* evidence that Figueroa was observed or videotaped on the roof of the victim's RV (or any other RV). There was *no* evidence that Figueroa made any statements, much less admissions, to Officer Montojo at any time. There was *no* evidence that the pry marks were "fresh" or that the victim's key would not work "for the first time, after the tampering of the front lock." There was *no* evidence that Figueroa was or had ever been present at the victim's RV, other than an undated photo of her standing next to an unidentified RV on an unknown date. Our opinion does not exalt "form over substance"; it instead exalts facts over speculation, because facts matter.

DISPOSITION

The judgment is reversed.

<u>NOT TO BE PUBLISHED.</u>


TANGEMAN, J.


I concur:



PERREN, J.

5

YEGAN, J., Dissenting.

I respectfully dissent. At this violation of probation hearing in two separate felony cases, the trial court factually found that appellant committed, not the charged attempted residential burglary, but a trespass by walking on the roof of the victim's motor home and/or vandalism to the roof and the front door lock to the motor home. The fair inference is that someone was trying to force entry as there were pry marks on both the roof vent and the front door lock. The victim called 911 and the police responded. The objection to the substance of the 911 call was overruled. The substance of the 911 call is some evidence of a contemporaneous attempt to commit a residential burglary.

How is appellant connected to this event? The victim videotaped either appellant on the roof, or right next to his motorhome, holding a pry tool. The majority does not explain why the victim's videotape, shown to the officer at the scene, and attested to by the officer, is not some evidence showing that appellant was, at the very least, trespassing on the roof or near the motorhome. This video is not hearsay. Reversal of a violation of probation finding ""is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support'" . . . . the [finding].'" (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)

The victim told the officer that he saw appellant on the roof. This is hearsay. But, appellant herself told the officer at the scene that she was the owner of the motorhome! This is an admission and it connects her to the motorhome and the 911 call. This was properly received into evidence pursuant to the well-recognized exception to the hearsay rule. Coupled with the officer's observations of a forcible attempt to enter the

1

motorhome, the victim's statement to the officer seems particularly trustworthy. Why would he report the incident if he were not the owner who witnessed appellant attempting to gain entry? Trustworthy hearsay is admissible to show a violation of probation. (See *People v. Buell* (2017) 16 Cal.App.5th 682, 689; *People v. Maki* (l985) 39 Cal.3d 707, 715-717.) And, for the first time, after the tampering of the front lock, the victim's key would not open the lock. The officer saw this. This is not hearsay. This is some evidence of a recent attempt of forcible entry.

As indicated in the majority opinion, the Court of Appeal should give great deference to the trial court's decision to revoke probation. And it recites the rule that we draw inferences in favor of the revocation order. (Maj. opn. at p. 4.) The majority opinion cites these rules rule but then does not apply them. In fact, it does the opposite. It draws the inference that the officer cannot tell a fresh pry mark from an ancient one. It draws the inference that these pry marks were not made by the tool that appellant was holding. It draws the inference that the date of the video is unknown. These are not reasonable inferences in favor of the revocation order. The majority should "connect the dots," i.e., use rational inferences to associate one idea with another to find the "big picture." (See *People v. Bohana* (2000) 84 Cal.App.4th 360, 368.)

Everyone, even the majority, knows that appellant was, at the very least, on the roof or trespassing near the motorhome because she told the arresting officer, perhaps mistakenly, that this motorhome belonged to her! She was so adamant that she previously told the victim to call the police. These statements are also admissions. There was and is "reason to believe" that appellant was in violation of the probation previously granted.

2

This meaningless reversal is an exaltation of form over substance. It will result in no good as the People may now retry the violation of probation matter. It is a certainty that they can prove the violation of probation matter simply by calling the victim as a witness. He was not originally called, probably as a result of the covid shutdown. The instant combined preliminary hearing/violation of probation was a "test case" for remote video hearings in the Superior Court in Santa Barbara county. And, if the majority is correct, the Superior Court has failed the test. There was no miscarriage of justice here. I would affirm the order here under review.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

3

Michael J. Carrozzo, Judge

Superior Court County of Santa Barbara

_____

Tracy Macuga, Public Defender, and Matthew J. Speredelozzi, Deputy Public Defender, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr. and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.